WILCOX, GIBBS & COMPANY, plaintiffs in error, *vs.* JOHN A. HOWARD *et al.,* defendants in error.

Where an action was brought on notes given for guano sold, and the defense set up was that the article was worthless and *not reasonably* suited to the use intended, upon which point the evidence was conflicting, and it appeared that at the time of the sale plaintiffs' agent delivered to defendants a jar containing some of said guano, telling them to keep it until the crop matured, and if dissatisfied they might select any chemist in the United States to analyze the sample, and if it did not come up to plaintiffs' published analysis they need not pay for the same, but the jar was lost and its contents never were analyzed: *Held,* that it was error in the court to refuse to charge the jury "that to entitle the defendants to a verdict in their favor they must show clearly that their bad crop resulted from the worthlessness of the guano."

Sales. Warranty. Charge of Court. New trial. Before Judge HILL. Houston Superior Court. May Term, 1873.

This case was tried before Judge COLE at the December adjourned term, 1872, of Houston superior court. The motion for a new trial was heard before Judge HILL, the successor of Judge COLE, at the May term, 1873.

For the facts of this case, see the decision.

DUNCAN & MILLER, for plaintiffs in error.

WARREN & GRICE, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendants on two promissory notes. The defendants pleaded that the notes were given to the plaintiffs for guano which was worthless and not reasonably suited to the use intended. On the trial there was conflicting evidence as to the qualities of the guano as a fertilizer, and also evidence as to the unfavorable season for the use of fertilizers that year, and as to the bad cultivation of defendants' crop. The jury, under the charge of the court, found a verdict for the defendants. A motion was made for a new trial, on the several grounds stated therein, which was overruled by the court, and the plaintiffs excepted. The plaintiffs requested the court to charge the jury, in writing, that to entitle the defendants to a verdict in their favor they must show clearly that their bad crop resulted from the worthlessness of the guano. The refusal of the court to give this request in charge to the jury, with others, is one of the errors complained of in the motion for a new trial. It appears from the evidence in the record that plaintiffs' agent, when defendants purchased the guano, from him, gave to them a portion of it in a jar, told them to preserve it until the crop of 1871 matured, and if they were dissatisfied with the guano they might select any chemist in the United States and have it analyzed, and if the sample did not come up to the plaintiffs' published analysis of his guano defendants need not pay for the same. The defendants ad-

mit receiving the jar of guano from plaintiffs' agent, but by some means it was lost, and its contents were not analyzed. The plaintiffs' published analysis of their guano does not appear to have been offered in evidence at the trial.

On the trial of cases like the one now before us the object of the courts should be to protect the rights of the fair and honest vendor of fertilizers on the one hand, and to protect the planter on the other, against the fraudulent sale of a spurious, worthless, article. In view of the evidence contained in this record we are of the opinion that the plaintiffs' third request, "that to entitle the defendants to a verdict in their favor they must show clearly that their bad crop resulted from the worthlessness of the guano," should have been given in charge by the court to the jury, and that it was error in refusing to do so.

Let the judgment of the court below be reversed.